UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

RONALD B. BASSETT,

                Appellant

               -v-                     24-cv-1632 (NRM)
                                       MEMORANDUM &
                                       ORDER

SAC FUND II 0826, LLC,

                Appellee.

-----------------------------------------------------------------x

NINA R. MORRISON, District Judge

     Ronald B. Bassett appeals from a February 29, 2024 order of the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, denying his motion to vacate the Bankruptcy Court's order to dismiss his bankruptcy case pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. For the reasons discussed herein, that order is AFFIRMED.

## **BACKGROUND**

### I.    **Foreclosure Sale**

     SAC Fund II 0826 LLC ("Appellee") was the owner and holder of a mortgage that secured a note of $950,000 against four parcels of land. Bankruptcy Record ("BR"),[1] ECF No. 2, at 44–45. On June 14, 2018, due to non-payment on the loan, Appellee commenced a commercial mortgage foreclosure action in the United States

---

[1] The record from the Bankruptcy proceedings were provided to this Court in two separate filings, and thus will be delineated as "Bankruptcy Record" or "BR" and "Additional Bankruptcy Record" or "ABR." Additionally, the pincites refer to the pagination created for the record, in the lower right corner of each page.

District Court for the Eastern District of New York ("EDNY"). *Id.* at 7, 29; *see also SAC Fund II 0826 LLC v. Burnell's Enterprises, Inc.*, No. 18-CV-3504 (ENV) (PK), 2023 WL 5786820 (E.D.N.Y. Sept. 7, 2023) ("*SAC Fund II*"). Ronald Bassett ("Appellant") was named as a defendant in the foreclosure action. *SAC Fund II* at *1.

No defendants appeared or responded to the complaint in *SAC Fund II*, and as a result, SAC Fund II made a motion for default judgment, which was granted. *Id.* On September 7, 2023, the Hon. Eric N. Vitaliano held that "Plaintiff's motion for final judgment of foreclosure and sale is granted, [and] that the foreclosure sale shall be held in accordance with RPAPL § 1351(1)." *Id.* at *6. The four properties were scheduled to be sold at a public auction outside the front entrance of the United States Courthouse for the Eastern District of New York in Brooklyn on October 20th, 2023, at 10:30am. BR at 120. Micheal Goldstein ("Goldstein"), representing SAC FUND II 0826, LLC, purchased the four parcels at the auction — which was conducted by Referee Craig Stuart Lanza. *Id.* at 119.

## II.    Bankruptcy Proceedings

On October 20, 2023 — the same day as the public auction — Appellant, proceeding *pro se*, filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for EDNY. *See* Additional Bankruptcy Record ("ABR"), ECF No. 3, at 3–16; *see also In re Bassett*, No, 23-bk-43820 (JMM) (Bankr. E.D.N.Y. 2024), ECF No. 1 (Appellant's Chapter 13 petition). The petition was filed at 9:55am and docketed at 10:21am. ABR at 3. Per 11 U.S.C. 362(a), this petition operated as an

automatic stay on the foreclosure sale, and the stay was "effective immediately upon the filing of the petition." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994).  This means that the foreclosure sale, which technically happened after the filing of the petition, "violate[d] the automatic stay." *In re Bresler*, 119 B.R. 400, 402 (Bankr. E.D.N.Y. 1990).

On November 17, 2023, Appellee filed a motion to dismiss the bankruptcy petition and annul the stay *nunc pro tunc*.  BR at 6–15.  The motion argued, *inter alia*, that the bankruptcy petition was filed in "bad faith," and thus must be dismissed, and because the bankruptcy petition was filed for the sole purpose of stopping the foreclosure sale — and Appellee was not even notified of the petition prior to the sale — the stay of the foreclosure sale should be annulled *nunc pro tunc* under 11 U.S.C. 362(d).  *Id.* at 10–14.  Appellee served Appellant with this motion by First Class Mail at Appellant's "last known address" on the same day.  *Id.* at 123.

The Bankruptcy Court held a hearing on the motion on December 21, 2023.  *Id.* at 136.  Appellant did not appear at the hearing.  *See* Minute Entry dated 12/21/2023, *In re Bassett*, No, 23-bk-43820 (JMM) (Bankr. E.D.N.Y. 2024) (listing the only appearance as by Appellee's counsel).  On January 5, 2024, the Bankruptcy Court entered an order dismissing the case and annulling the stay, *nunc pro tunc*, to the date of the petition's filing, having "read and considered all related pleadings of record, evidence presented, the declaration of Michael Goldstein, and there being no opposition."  BR at 136.

3

On January 8, 2024, Appellant filed an application in support of an order to show cause, seeking an order to vacate the dismissal and request the annulment of the stay be reconsidered, alleging that he "was never served and would have filed op[p]osition and would have hired a[n] attorney." *Id.* at 140. On January 9, the Bankruptcy Judge, construing Appellant's motion as a "motion to vacate" the dismissal order, scheduled a hearing for January 23, 2024. *Id.* at 142.

   a. January 23, 2024 Hearing

At the January hearing, Appellant argued that "Mr. Goldstein was aware I filed a bankruptcy to stop the sale . . . . He called me at 10:15. So he knew that they [weren't] supposed to have the sale that day." Tr. dated Jan. 23, 2024 ("Jan. 23 Tr.") 5, *In re Bassett*, No, 23-bk-43820 (JMM) (Bankr. E.D.N.Y. 2024), ECF No. 49.[2] Appellee denied knowing that the bankruptcy case had been filed at the time of the sale, saying that "the bankruptcy was filed about ten minutes prior to the sale taking place, which was at 10:30. . . . We didn't find out, until after the auction was completed, that a bankruptcy had been filed." Jan. 23 Tr. at 9.

---

[2] The record provided to the Court by the parties did not include the transcripts of the hearings conducted by the Bankruptcy Judge. Under Rule 8009 of the Federal Rules of Bankruptcy procedure, the record submitted for appeal should include "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4). These are necessary to this action, as the Bankruptcy Court's written order from February 29, 2024 denying Appellee's motion gives its reasons for denying Appellee's motions as "the reasons set forth on the record of the Hearings." BR at 163.

Nevertheless, given Appellee's *pro se* status, and as there is no prejudice to Appellee in considering in the omission from the record, the Court will consider the transcripts, which were docketed in the underlying bankruptcy action. *See Taneja v. Health Law Firm*, No. 17 Civ. 5618 (ER), 2017 WL 11475266, at *2 n.4 (S.D.N.Y. Nov. 20, 2017).

The Bankruptcy Court made various factual findings on the record. Among others, the Court concluded Appellant "filed for bankruptcy [in order] to stop the sale," a finding which was based, in part, on the fact that after Appellant filed for bankruptcy, "nothing else was done in the case." Jan. 23 Tr. at 10. Additionally, in response to Appellant's contention that he never received notice of the motion to dismiss, the Bankruptcy Court said that "there are affidavits of service on file with the Court. And this docket is public. So if you were interested in what was happening in the case, you would have known the motion was made." Jan. 23 Tr. at 11.

However, the Bankruptcy Court did not rule on the motion to vacate at the hearing, and adjourned the hearing to February 15, 2024, giving the parties time to file phone records to substantiate Appellant's claim that Goldstein called him at 10:15am, prior to the sale, proving that he had knowledge of the sale. The Court explained that "if indeed the phone records substantiate, Mr. Bassett, what you're saying, then I'll vacate the nunc pro tunc relief." Jan. 23 Tr. at 16.

  b. February 15, 2024 Hearing

In the February 15 hearing, it came to light that a phone number associated with a "Mr. Glick," who is one of the Goldstein's colleagues, called Appellant at 11:29am, 59 minutes after the commencement of the foreclosure sale. *See* Tr. dated Feb. 15, 2024 ("Feb. 15 Tr.") 16–17, *In re Bassett*, No, 23-bk-43820 (JMM) (Bankr. E.D.N.Y. 2024), ECF No. 51. Appellant argued that this was the call in which Goldstein told him the "bankruptcy [would] be set aside," and this made it clear that "Mr. Goldstein knew that the bankruptcy was filed at 9:55 a.m." Feb. 15 Tr. at 6.

The Bankruptcy Court explained to Appellant that in order to find that Goldstein knew about the bankruptcy petition prior to the sale, there would have to be some activity on Goldstein's phone records between the time of filing and the beginning of the foreclosure sale. *See* Feb. 15 Tr. at 17. While there was a call on Goldstein's phone at 8:53am, the Bankruptcy Court explained, that was *before* Appellant filed the bankruptcy petition, and thus did not show that Goldstein was aware of the petition. Feb. 15 Tr. at 17–18. The Bankruptcy Court even noted that it had no doubt that "after the sale was conducted, Mr. Goldstein gave you a call and chewed you out for filing a petition. . . . But that's distinct from conducting the sale knowing about the petition." Feb. 15 Tr. at 18. The Bankruptcy Court then made the finding of fact that it did not "see an indication that — any clear-cut evidence that the lender knew about the petition being filed [at the time of the sale]." Feb. 15 Tr. at 19. It also made the factual determination that, because "there was no indication by the [Appellant] that the [Appellant] was taking an interest in actually rehabilitating or reorganizing its debts or proposing a Chapter 13 plan[,] . . . the case was filed solely to stop the foreclosure sale." Feb. 15 Tr. at 20–21.

Construing Appellant's motion as one for reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b), the Bankruptcy Court held that there was no law or evidence it overlooked that would warrant reconsideration of the judgment dismissing the case and annulling the stay *nunc pro tunc*. Feb. 15 Tr. at 21. On February 29, 2024, the Bankruptcy Court entered a written order denying Appellant's motion to vacate the order granting relief from the stay and dismissing

6

the case.  BR at 163.  On March 5, 2024, Appellant filed a notice of appeal as to that order.  Notice of Appeal, ECF No. 1, at 2.

## STANDARD OF REVIEW

United States District Courts have appellate jurisdiction over "final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings."  28 U.S.C. § 158(a).  On appeal, a district court reviews a bankruptcy court's conclusions of law *de novo* and findings of fact for clear error.  *See In re Cortlandt Liquidating LLC*, 658 B.R. 244, 250–51 (S.D.N.Y. 2024) (MKV).  "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'"  *Bongiovanni v. Grubin*, No. 15-cv-2617 (CBA), 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)).

"Motions to vacate, alter, or reconsider a bankruptcy court's decisions or findings are governed by Federal Rules of Civil Procedure 52(b), 59(e), and 60(b), which apply to adversary proceedings through Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024, respectively."  *In re Emmons-Sheepshead Bay Dev.*, 662 F. App'x 100, 103 (2d Cir. 2016) (summary order).  A district court reviews a bankruptcy court's rulings on motions to vacate or reconsider for abuse of discretion.  *See Ferreira v. Stern*, No. 22-cv-2182 (JMA), 2023 WL 2787631, at *3 (E.D.N.Y. Apr. 4, 2023).  This means that the district court does not consider what it "would have done under the same circumstances, but whether, in light of the records as a whole,

the bankruptcy court's decision was reasonable." *In re Crysen/Montenay Energy Co.*, 166 B.R. 546, 550 (S.D.N.Y. 1994) (PKL) (quoting *In re United Merchants & Mfrs., Inc.*, 126 B.R. 149, 150 (S.D.N.Y. 1991) (JES)). The abuse of discretion standard is a high one; it is satisfied only when the record shows that the bankruptcy court "base[d] its decision on an erroneous view of the law or clearly erroneous factual findings." *Delaney v. Messer*, No. 22-cv-1664 (AMD), 2023 WL 2614099, at *2 (E.DN.Y. Mar. 20, 2023) (quoting *In re Blasie*, 219 B.R. 946, 950 (2d Cir. 1998)).

Lastly, as Appellant is proceeding *pro se*, his submissions on this appeal "must be construed liberally, and must be read to raise the strongest arguments that they suggest." *In re W. 125th St. Liquors*, 615 B.R. 25, 29 (S.D.N.Y. 2020) (AT) (internal quotation marks omitted).

## DISCUSSION

In this appeal, Appellant's arguments focus largely on his claim that the Bankruptcy Court made a clear error of fact, and the evidence presented at the hearings showed that "[t]he Appellee learned of the Bankruptcy prior to the foreclosure sale," Appellant Br., ECF No. 5, at 7, and the Bankruptcy Court did not truly consider the evidence presented as it had "predetermined the ruling prior to the February 15, 2024 hearing," *id.* at 12.

It is true that an appeal from an appeal from a motion to reconsider or vacate a prior order "brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *In re Mader*, 661 B.R.1, 11 (E.D.N.Y. 2021) (GRB) (quoting *Lora v. O'Heaney*, 602

F.3d 106, 111 (2d Cir. 2010)).  Additionally, "[a] motion brought under Rule 59(e) or 60(b) is not a vehicle for relitigating old issues[,] securing a rehearing on the merits, or otherwise taking a second bit[e] at the apple." *Ferreira*, 2023 WL 2787631, at *4 (internal quotation marks omitted and alterations adopted).  However, while Appellant's motion was in the form of a motion to vacate, the Bankruptcy Judge appeared to consider all of Appellant's arguments and evidence he submitted at the hearing on the motion to vacate.  Consequently, this Court reviews the Bankruptcy Court's factual findings made in support of its order declining to grant relief under Rules 59(e) and 60(b) for abuse of discretion — *i.e.,* to determine whether the Bankruptcy Court abused its discretion in denying the motion to vacate its earlier order to dismiss the case and annul the stay *nunc pro tunc*.

## I.    The Bankruptcy Court's Findings of Fact Were Not Clearly Erroneous

The Bankruptcy Court's ruling was based on two essential findings of fact: 1) that no clear evidence was produced showing that Appellee had notice of the bankruptcy petition at the time of the foreclosure sale; and 2) that the bankruptcy petition itself was filed for the sole purpose of stopping the foreclosure sale.  *See* Feb. 15 Tr. at 20–21.  Upon a thorough review of the record, this Court finds no clear error in either of those findings.

Appellant argues that his testimony, coupled with the fact that he received a call at 11:29am in which Goldstein was "upset the Bankruptcy had been filed," showed that Appellee was aware of the Bankruptcy filing prior to the foreclosure sale but unlawfully proceeded with the sale regardless.  Appellant Br. at 14.  Appellant

contends that it "is only speculation that the final sale occurred sooner than 11:28 a.m. [sic] on October 20, 2023." *Id.* at 15.

It is true that there was no direct evidence presented that the 10:30am foreclosure sale ended prior to the 11:29am phone call. However, it is undisputed that the phone call was placed 59 minutes after the start of the foreclosure sale. The Bankruptcy Court even noted that it had no doubt "that after the sale was conducted, Mr. Goldstein gave [Appellant] a call and chewed [him] out for filing a petition." Feb. 15 Tr. at 18. Thus, the Bankruptcy Court *did* credit Appellant's contention that he received a phone call after the start of the foreclosure sale from Goldstein in which he expressed anger about the petition. While Appellant argues that the only reasonable inference to be drawn from this phone call is that Appellee knew about the petition prior to the commencement of the sale, *see* Appellant Br. at 7, the Bankruptcy Court, after hearing all the testimony and reviewing the relevant records, did not agree. Because the phone call happened *after* the beginning of the scheduled foreclosure sale, this Court does not find that the Bankruptcy Court committed error — much less "clear error" — in its ultimate conclusion that the call did not prove Appellee had notice of the bankruptcy petition prior to the sale. Nor is this Court "left with the definite and firm conviction that a mistake has been committed." *Bongiovanni*, 2016 WL 4059349, at *3 (internal citations omitted).

Additionally, this Court finds no support in Appellant's contention that the Bankruptcy Court had "predetermined the ruling prior the February 15, 2024 hearing." Appellant Br. at 12. The Bankruptcy Court specifically adjourned the

10

January hearing so that the parties could provide it with records to further develop the claims raised by Appellant at the initial hearing prior to ruling, and in its subsequent oral decision, specifically noted that it "did review the records that" were sent to it. Feb. 15 Tr. at 21. From this Court's review of the hearing, it appears that the Bankruptcy Court conducted a thorough hearing, offering both parties an opportunity to speak, probed into the circumstances around Mr. Glick's phone number — which Goldstein at first did not recognize but then realized it belonged to his associate — Feb. 15 Tr. at 12–14, and searched the record for any evidence indicating that Appellee had notice of the bankruptcy petition prior to the foreclosure sale, Feb. 15 Tr. at 18. Thus, there is no support for Appellant's contention that the Bankruptcy Court "[d]id not consider any evidence produced at the hearing," Appellant Br. 16, and this Court does not find clear error in its factual findings.

## II. The Bankruptcy Court Did Not Abuse Its Discretion in Denying Appellant's Motion to Vacate Under Rule 59(e) or 60(b)

Appellant does not state whether he is appealing the Bankruptcy Court's decision to deny his motion to vacate under Rule 59(e) or 60(b), and the Bankruptcy Court's order simply refers to Appellant's motion as a "motion to vacate the Order." BR at 27. However, in its oral ruling, the Bankruptcy Court did indicate that it was considering Appellant's motion as one made under both Rule 59(e) and 60(b). *See* Feb. 15 Tr. at 19–20. Thus, this Court also considers Appellant's motion, and the Bankruptcy Court's order, as one made under Rule 59(e) and 60(b).

Reconsideration under Rule 59(e) "is merited when there has been a clear error or manifest injustice in an order of the court or if newly discovered evidence is

unearthed." *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 220 (E.D.N.Y. 2014) (RRM) (quoting *Bace v. Babitt*, No. 11-cv-6065 (PAC) (HBP), 2012 WL 2574750, at *4 (S.D.N.Y. July 3, 2012)).  Motions under 59(e) challenging a courts factual determinations are granted only when "the court has overlooked . . . factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the results before the court." *Tatas v. Ali Baba's Terrace, Inc.*, No. 19-cv-10595 (ER), 2022 WL 18027620, at *3 (S.D.N.Y. Dec. 30, 2022) (quoting *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (WCC)).  Reconsideration under Rule 60(b) permits a bankruptcy court to "relieve a party . . . from a final judgment, order, or proceeding for mistake, inadvertence, surprise or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Rule 60(b) "is invoked only upon a showing of exceptional circumstances." *In re Pinnock*, 833 F. App'x 498, 501 (2d Cir. 2010) (summary order) (quoting *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003)).

When the Bankruptcy Court initially annulled the stay and dismissed the case, it did so pursuant to its authority under 11 U.S.C. § 362(d)(1) — which allows a court to grant relief from an automatic stay — and 11 U.S.C. § 1307(c) — allowing a court to dismiss a bankruptcy case for cause.  BR at 136–37.

When considering whether to dismiss a bankruptcy action for cause, "[a]lthough bad faith is not expressly enumerated in the statute, it is well established that lack of good faith may . . . be cause for conversion or dismissal under § 1307(c)." *In re Prisco*, 11-cv-474 (LEK), 2012 WL 4364311, at *4 (N.D.N.Y. Sept. 24, 2012)

(internal quotation marks omitted and alterations adopted).  The Second Circuit has expressly noted that a district court finding bad faith when a bankruptcy petition was filed for the sole intention of preventing foreclosure, with no intention to actually reorganize, was not clear error. *See In re Casse*, 198 F.3d 327, 332 (2d Cir. 1999). Additionally, two important factors a court must consider when deciding whether to annul an automatic stay are "(1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay, [and] (2) if the debtor has acted in bad faith." *In re WorldCom, Inc.*, 325 B.R. 511, 521 (Bankr. S.D.N.Y. 2005) (AJG). These are the factors that the Bankruptcy Court considered in evaluating Appellant's motion to vacate.  *See* Jan. 23 Tr. at 16 (the Bankruptcy Court saying, prior to its final ruling, that "[i]f indeed the phone records substantiate [that Mr. Goldstein knew of the bankruptcy proceeding prior to the sale], then I'll vacate the nunc pro tunc relief"); Feb. 15 Tr. at 21 (in making its ruling, the Bankruptcy Court noting that it "can presume appropriately that the case was filed solely to stop the foreclosure sale").

The crux of Appellant's argument, whether proceeding under Rule 59(e) *or* Rule 60(b), is that when the Bankruptcy Court denied his motion to vacate, it erred when finding that the new evidence presented to it — in the form of testimony and phone records — did not establish that Appellee had notice of the bankruptcy proceeding, and did establish that Appellant filed the bankruptcy petition for the purpose of halting the foreclosure sale.  *See* Appellant Br. at 7–8 (arguing that the phone records and Goldstein's tarnished credibility should have led the Bankruptcy

13

Court to find Appellee had notice of the bankruptcy proceedings; *id.* at 14 (contending that "[t]he Bankruptcy Court's decision finding there is no evidence to support the [Appellant's] claim the [Appellee] had actual notice of the Foreclosure sale" was clearly erroneous).

For the reasons outlined *supra*, this Court does not find that the Bankruptcy Court's factual findings in support of its order denying the motion to vacate were clearly erroneous. Thus, the Bankruptcy Court did not abuse its discretion in denying the Appellant's motion under Rule 59(e); even if the phone records cited by Appellant were "newly discovered evidence," the Bankruptcy Court duly considered them on the Rule 59(e) motion, and they would not have altered the Bankruptcy Court's original ruling. Similarly, the Bankruptcy Court did not abuse its discretion in denying Appellant's motion under Rule 60(b) because Appellant failed to show "exceptional circumstances," as the evidence he was eventually permitted to present would not have altered the Bankruptcy Court's original order.[3]

## <u>CONCLUSION</u>

For the reasons stated above, the Bankruptcy Court's Order dated February 29, 2024 is AFFIRMED.

---

[3] As the evidence Appellant was eventually permitted to present would not have changed the Bankruptcy Court's initial order, this Court declines to pass on whether Appellant's failure to oppose Appellee's original motion to dismiss the bankruptcy petition and annul the stay *nunc pro tunc* was "excusable neglect." Fed. R. Civ. P. 60(b)(1).

SO ORDERED.

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge


Dated:     August 4, 2025
           Brooklyn, New York